UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. TAVITA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:24-cv-00147-CDB (SS)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A COPY OF THE COMMISSIONER'S FINAL DECISION AND A COPY OF NOTICE RECEIVED FROM APPEALS COUNCIL DENYING HIS CLAIM<br><br>(Docs. 1, 2)<br><br>TWENTY-ONE (21) DAY DEADLINE |

On February 1, 2024, Plaintiff Raymond D. Tavita, proceeding pro se, filed the complaint in this action. (Doc. 1). Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). While Plaintiff's application demonstrates that he may be financially eligible to proceed without prepayment of fees in this action, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e) and finds that Plaintiff did not establish exhaustion of his administrative remedies pursuant to 42 U.S.C. § 405(g). Plaintiff is ordered to supplement his application by filing a copy of the Commissioner's final decision as well as a copy of the notice he received from the Appeals Council.

I. **Proceeding in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees "by

a person who submits an affidavit that includes a statement of all assets such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Court has reviewed the financial status affidavit (Doc. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

## II.     Screening Requirement

When a party seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(b) & (e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.     Pleading Standards

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  As set forth by the Supreme Court, Rule 8:

> … does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2 266, 268 (9th Cir. 1982).  The *Iqbal* Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.  The plausibility standard is not akin

to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678. When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id*. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.    Discussion and Analysis**

The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

In addition, courts within the Ninth Circuit have set forth the following basic requirements that are necessary to survive a screening under Section 1915(e):

> First, the plaintiff must establish that he has exhausted [his] administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims [he] became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Mercado v. Kijakazi*, No. 22-CV-01713 (NLS), 2023 WL 2336909, at *1 (S.D. Cal. Mar. 2, 2023) (quoting *Montoya v. Colvin*, No. 2:16-CV-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (alterations added)); *Graves v. Colvin*, No. 2:15-CV-106-RFB-NJK, 2015 WL

357121, at *2 (D. Nev. Jan. 26, 2015).

Plaintiff's complaint is comprised of a stock form document that provides empty spaces to be filled in. One portion of the form asks Plaintiff: "When did you receive notice that the Commissioner's decision was final?" (Doc. 1 p. 3). Plaintiff answered, "I received notice from the Social Security Appeals on December 6, 2023." *Id*. The form directed Plaintiff to attach a copy of the Commissioner' final decision and a copy of the notice he received from the Appeals Council. Neither form is attached to Plaintiff's complaint.

Plaintiff further avers that although he received his denial letter on December 6, 2023, he was booked by his case manager for two additional appointments later that same month. *Id*. at 5. Plaintiff also claims that on or around January 2024, he was told by the Social Security Administration over the phone that no denial decision has been made – but the Appeals Council decided to deny his appeal. *Id*. It is unclear whether Plaintiff did in fact receive a decision from the Appeals Council denying his appeal on December 6, 2023.

Plaintiff is required to establish that he exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that he timely filed this action within 60 days after the notice of a final decision. Without this information, the Court is unable to determine jurisdiction. The complaint should have an attached copy of the Commissioner's final decision as well as a copy of the notice Plaintiff received when his appeal was denied by the Social Security Appeals counsel.

## V.  Conclusion

For the forgoing reasons, the Court DIRECTS Plaintiff to submit copies of the Commissioner' final decision as well as the notice he received from the Appeals Council by no later than **February 26, 2024**. The Court shall hold Plaintiff's motion to proceed *in forma pauperis* in abeyance until it receives the documents identified above.

IT IS SO ORDERED.

Dated:   **February 5, 2024**                    _____
                                                                        UNITED STATES MAGISTRATE JUDGE

4