UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. TAVITA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:24-cv-00147-CDB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>(Docs. 9, 14)<br><br>**14-DAY DEADLINE** |

Raymond D. Tavita ("Plaintiff"), appearing pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act. (Doc. 1).

On February 26, 2024, the Court issued a scheduling order setting forth the parties' briefing deadlines. (Doc. 9). Further, the Court notified the parties "[v]iolations of this [scheduling] order or of the federal rules of procedure or the Local Rules may result in sanctions pursuant to Local Rule 110." *Id*. at 3.

On April 26, 2024, the Commissioner, complying with the Court's scheduling order, timely lodged a copy of the administrative record. (Doc. 14). The Commissioner's filing includes a certificate reflecting that service of the administrative record was made on Plaintiff at his address of record on that same date. (Doc. 14-2).

Notwithstanding that the Court directed Plaintiff to file a motion for summary judgment within 30 days of the Commissioner's filing of the administrative record (Doc. 9 at 2), as of the date of this Order, Plaintiff has not filed a motion for summary judgment and the time to do so has passed.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with…any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS Plaintiff to show cause in writing, within fourteen (14) days of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's orders in filing a motion for summary judgment. Plaintiff may comply with this order in the alternative by filing a motion for summary judgment by that same deadline.

**Failure to timely comply with this order will result in dismissal of this action**.

IT IS SO ORDERED.

Dated:   **September 16, 2024**                    _____
                                                                UNITED STATES MAGISTRATE JUDGE